# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **STEVEN KING**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**THE SCHOOL BOARD OF CHARLOTTE COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-277<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **STEVEN KING** ("**KING**"), by and through undersigned counsel, and state the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for unpaid overtime wages.

## PARTIES

2. The Plaintiff, **STEVEN KING** ("**KING**") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and worked for the Defendant in Charlotte County, Florida. At all material times, **KING** was employed by the Defendant in Food & Nutrition Services and was paid

1

$22.10 per hour. **KING** performed work in Charlotte County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **KING** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **THE SCHOOL BOARD OF CHARLOTTE COUNTY, FLORIDA** ("**SBCC**") is a political subdivision of the State of Florida. **SBCC** is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **SBCC**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as food products that are from out-of-state suppliers, in addition to frequently interacting with the U.S. Department of Agriculture, U.S. Department of Education, and U.S. Department of Health. **SBCC** collects monies, most of which is from out-of-state financial institutions, or which is provided by the federal government. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance. **SBCC** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **SBCC** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiffs. **SBCC** maintains employment records of Plaintiff. **SBCC** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5.  Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.  **KING** began his employment with the Defendant in September 2020.

7.  **KING** always performed his assigned duties in a professional manner and was very well qualified for his position. He always received positive performance reviews until he engaged in statutorily protected conduct.

8.  **KING** was paid on an hourly basis and was nonexempt under the FLSA.

9.  **KING** was required by the Defendant to work at least (45) hours per week, and did so without proper overtime compensation.

10. Instead, the Defendant required him to submit weekly timecards that inaccurately reflected precisely 40-hours worked per week, despite knowing that **KING** worked through his 30-minute daily lunch period in order to get his work done.

11. On January 18, 2022, **KING**'s supervisor sent **KING** an email that stated, "I saw that you did not have lunch filled out for your days worked. I need you to do a new timecard with a 30-minute lunch filled in for the 5 days you worked. Payroll is going to kick this back to us."

12. That same day, **KING** objected and refused to do so.

13. Shortly thereafter, the Defendant opened an official investigation and demanded he be present for a meeting with an investigator.

14. When **KING** invoked his rights under F.S. §120.62(2) and objected to appearing before the investigator without counsel, the Defendant terminated his employment.

15. **KING**'s employment ended on or about February 1, 2022 because **KING** refused to appear before an investigator without his counsel present, and without the Defendant having properly compensated him for at least 149.5 overtime hours.

16. The Defendant has violated the FLSA by failing to pay overtime wages to **KING**.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

17. The Plaintiff hereby incorporates Paragraphs 1-16 in this Count as though fully set forth herein.

18. Plaintiff was actually covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

19. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

20. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

21. The Defendant was Plaintiff's employer and are liable for violations of the FLSA in this case.

22. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

23. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

24. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

25. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with

evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION

26. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

27. At all material times, **KING** was an employee and Defendant was his employer, and a covered employer under the FLSA.

28. **KING** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by not paying him overtime wages.

29. Defendant was aware of **KING**'s objection to Defendant's violations of the FLSA.

30. Defendant subjected **KING** to adverse employment action by terminating **KING**.

31. Defendant, in subjecting **KING** to adverse employment action, retaliated and discriminated against him because of complaints, objections and concerns raised by him to Defendant.

32. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **KING** has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

33. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KING** is entitled to all relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF F.S. §120.62(2)

34. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

35. At all material times, **KING** was an employee and Defendant was his public employer, and a covered employer under F.S. §120.62(2).

36. **KING** believed that Defendant was violating F.S. §120.62(2) by refusing to allow his counsel to accompany him to an investigatory meeting to be conducted by Defendant's investigator.

37. Defendant was aware of **KING**'s objection to Defendant's violation of F.S. §120.62(2).

38. Defendant subjected **KING** to adverse employment action by terminating **KING** in violation of F.S. §120.62(2).

39. Defendant, in subjecting **KING** to adverse employment action, retaliated against him because he invoked his rights under F.S. §120.62(2).

40. As a direct and proximate result the Defendant's actions, **KING** has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

41. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KING** is entitled to all relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

    iv. Reasonable attorney's fees plus costs;

    v. Compensatory damages, and;

    vi. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: April 27, 2022    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com